In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-04-076 CR


____________________



JASON AARON BURKETT, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 221st District Court


Montgomery County, Texas


Trial Cause No. 03-07-05136-CR






OPINION


 Jason Aaron Burkett was convicted of capital murder and sentenced to life
imprisonment. See Tex. Pen. Code Ann. § 19.03(a)(7) (Vernon Supp. 2005). Burkett
and a co-defendant, Michael James Perry, mortally wounded Sandra Stotler with a shotgun
while she was in her home. (1) A few hours later, they lured her son, James Adam Stotler,
and a friend named Arnold Jeremy Richardson, into a secluded area where they too were
killed by shotgun blasts. Burkett and Perry then stole the Stotlers' cars. On appeal,
Burkett contends he committed a mass murder, not serial murders as alleged in the
indictment, and argues that several errors flow from ambiguities in the State's pleading and
the variance between the indictment and the evidence adduced at trial. We affirm.

 Burkett's first two issues contend the trial court erred in denying his motion to
quash the indictment. The motion to quash was filed after the State re-indicted Burkett to
add the murder of Sandra Stotler to the murder of the two young men. (2) The motion
claimed the indictment did not provide adequate notice of whether the state intended to
prove Burkett acted individually or as a party. The motion also argued the murder of
Sandra Stotler was alleged "merely to bring in evidence of what is an otherwise irrelevant
and unproved extraneous offense," that the State lacked probable cause to believe that
Burkett committed the murder of Sandra Stotler, and that "[t]he State has not pled facts
sufficient to show that the killing of the three alleged victims were part of the same scheme
and course of conduct." On appeal, Burkett argues the indictment was subject to being 
quashed because the State failed to clearly allege whether it was prosecuting Burkett under
section 19.03(a)(7)(A) (murders committed "during the same criminal transaction"), or
19.03(a)(7)(B) (murders committed "during different criminal transactions"). If the basis
of the complaint raised on appeal varies from the complaint raised in the motion to quash,
the issue is not preserved for appellate review. Heidelberg v. State, 144 S.W.3d 535, 537
(Tex. Crim. App. 2004); Skillern v. State, 890 S.W.2d 849, 858-59 (Tex. App.--Austin
1994, pet. ref'd) (Motion to quash for failure to allege offense occurred within the
jurisdiction of the court did not preserve issue on whether indictment alleged venue in
county other than county of prosecution and failed to adequately allege justification for
returning indictment in that county.). Rather than argue that the State failed to specify
whether the murders were committed in the same or in different criminal transactions,
Burkett's motion to quash claimed that the indictment did not explain how the murders
were committed as part of the same scheme or course of conduct under section
19.03(a)(7)(B). A complaint that the State failed to provide specific notice of the particular
acts that constitute the same scheme or course of conduct is distinct from a complaint that
the State failed to allege whether the charged conduct occurred in the same transaction or
in different transactions. The complaint articulated in the motion to quash pertains only
to an offense committed under section 19.03(a)(7)(B). We hold that the appellant failed
to preserve error. Points of error one and two are overruled.

 Points of error three through five contend the State's failure to specify whether the
murders were committed "during the same criminal transaction" or "during different
criminal transactions" rendered the indictment void for failure to allege an offense
constituting capital murder. The indictment alleged Burkett and Perry committed the
murder of Sandra Stotler, and that "during the same scheme and course of conduct"
Burkett and Perry committed the murders of James Adam Stotler and Arnold Jeremy
Richardson. Burkett argues the indictment is void because the State failed to allege the
murders were committed during "different criminal transactions but pursuant to the same
scheme and course of conduct." The omission of one element of the charged offense does
not render an otherwise valid indictment fatally defective. Studer v. State, 799 S.W.2d
263, 270-71 (Tex. Crim. App. 1990). "[A] written instrument is an indictment or
information under the Constitution if it accuses someone of a crime with enough clarity and
specificity to identify the penal statute under which the State intends to prosecute, even if
the instrument is otherwise defective." Duron v. State, 956 S.W.2d 547, 550-51 (Tex.
Crim. App. 1997). The term "same criminal transaction" in section 19.03(a)(7)
"amount[s] to something less than 'same scheme or course of conduct.'" Rios v. State,
846 S.W.2d 310, 314 (Tex. Crim. App. 1992) (construing earlier version of statute). 
Burkett concedes Rios held the terms are mutually exclusive, but contends the State's
failure to specify whether the murders were committed in the same or in different criminal
transactions rendered him unable to determine whether he was charged as a mass murderer
under Penal Code section 19.03(a)(7)(A), as a serial murderer under Penal Code section
19.03(a)(7)(B), or as an ordinary murderer under Penal Code section 19.02(b)(1). We
disagree. Burkett concedes all of the elements of ordinary murder were alleged in the
indictment, and the only homicide offense that includes "same scheme or course of
conduct" as an element is section 19.03(a)(7)(B). Assuming for the sake of argument that
the omission of the allegation "different criminal transactions but pursuant to" constitutes
a defect of substance in the indictment, the defect does not deprive the indictment of its
effect as a charging instrument. Points of error three, four, and five are overruled.

 The appellant's final two points of error contend the evidence is insufficient to
support the conviction because the offense charged was not the offense proved, and that
there is a material and fatal variance between pleading and proof because the State proved
the three murders were committed during the same criminal transaction. (3) A variance exists
when there is a discrepancy between the evidence presented at trial and the language in the
charging instrument. Gollihar v. State, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001). 
Only a variance that is material and affects the defendant's substantial rights will affect the
sufficiency of the evidence. Id. at 257. In reviewing an alleged variance for materiality,
we determine whether the indictment "'informed the defendant of the charge against him
sufficiently to allow him to prepare an adequate defense at trial, and whether prosecution
under the deficiently drafted indictment would subject the defendant to the risk of being
prosecuted later for the same crime.'" Id. at 257 (quoting United States v. Sprick, 233
F.3d 845, 853 (5th Cir. 2000)). 

 Before a variance may be fatal, there must first be a variance between the
indictment and the evidence adduced at trial. The Court of Criminal Appeals interpreted
the term "same criminal transaction" in the capital murder statute to encompass "a
continuous and uninterrupted chain of conduct occurring over a very short period of time
. . . in a rapid sequence of unbroken events." Vuong v. State, 830 S.W.2d 929, 941 (Tex.
Crim. App. 1992). The distinction between mass murder and serial murder in 19.03(a)(7)
is "the continuity of the killing." Rios, 846 S.W.2d at 314. The evidence adduced at
Burkett's trial established a temporal and geographic discontinuity between the murder of
the woman and the youths. Testimony from the investigating detective established that
Sandra Stotler died in her home from a shotgun blast delivered at close range. Her body
was dragged out of the house and dumped in a lake. Shane Atkinson testified that Burkett
admitted to him that Burkett and Perry went to a friend's house, that Burkett asked to use
the phone and was allowed in the front door by the friend's mother, that Perry went to the
back door and then Burkett heard shots. According to Burkett's girlfriend, Kristin Willis,
at 3:30 or 4:00 p.m. on the day of the murders, Burkett arrived shirtless at the sportswear
shop where she worked and had her obtain a shirt for him. When Burkett and Perry
picked her up sometime after 8:00, Burkett told her he had "talked to" a friend's mother
and asked Willis to drive him to the entrance of the Stotlers' gated subdivision. A few
minutes later Burkett, Perry, and Willis intercepted Stotler and Richardson at the gate and
had them follow Burkett down a rural road to a wooded area. Stotler and Richardson were
lured into the woods and fatally wounded with the shotgun. The story related to Shane
Atkinson by Burkett was that Burkett and Perry "waited for some boys" when they could
not find the keys to some vehicles, that they told the boys a story about a mutual friend
needing help out in the woods, that Burkett shot the victim who was Perry's friend and that
Perry shot the other victim. 

 Because evidence established all three murders were committed in the course of the
theft of the Stotlers' vehicles, Burkett argues the three murders were part of the same
transaction. This argument makes sense when the evidence is considered as proof of
capital murder with robbery as the aggravating circumstance, but the sufficiency of the
evidence must be reviewed as it relates to the theory on which the State actually obtained
the conviction. Furthermore, the issue is not whether there is legally sufficient evidence
that the murders were committed as part of the same criminal transaction, but whether
there is legally sufficient evidence that the murders were committed in different criminal
transactions but pursuant to the same scheme or course of conduct. The car thefts provide
the common scheme between the murders of the woman and of the youths, and the use of
the same weapon to commit the three murders provides the common course of conduct,
but the separate locales and the lapse of several hours between the murders provides a
break in continuity of the killings. We conclude there is no variance between the
allegation in the indictment and the proof offered at trial. Accordingly, points of error six
and seven are overruled. We affirm the conviction.

 AFFIRMED.

 

 _____________________________

 STEVE McKEITHEN

 Chief Justice



Submitted on June 16, 2005

Opinion Delivered August 24, 2005

Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. Perry was convicted of murdering Sandra Stotler in the course of committing
burglary and sentenced to death. Perry v. State, 158 S.W.3d 438, 439 (Tex. Crim. App.
2004, cert. filed). 
2. The trial court denied Burkett's motion to quash the first indictment. At that time,
defense counsel argued that the murder of Sandra Stotler would be severable because "they
are not the same murder. Not the same time and place." 
3. For these final points of error, Burkett presumes we find that the indictment
alleges the commission of serial murder under Penal Code section 19.03(a)(7)(B).